IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RUSSELL McELMURRY, d/b/a )
McELMURRY CHEMICAL, )
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　)
　　　v. ) 1:04CV00389
　　　　　　　　　　　　　　　　)
ALEX C. FERGUSSON, INC., )
　　　　　　　　　　　　　　　　)
　　　　　Defendant. )

## O-R-D-E-R

This matter is before the court on Defendant's motion to postpone trial (docket no. 65) and Plaintiff's motion in limine, motion to strike, motion for sanctions, and renewed motion for attorney's fees (docket no. 63). For reasons set forth below, Defendant's motion will be granted and Plaintiff's motions will be granted in part and denied in part.

### Background

On March 8, 2006, this court denied Defendant's motion for summary judgment as to Plaintiff's beach of contract, misappropriation of trade secrets, and unfair and deceptive trade practices claims. Trial was thereafter set for July 10, 2006. By notice dated April 3, 2006, parties were instructed to: (1) Comply in all respects with Federal Rule of Civil Procedure 26(a)(3), which requires certain pretrial disclosures to be made at least thirty (30) days before trial (i.e., June 12, 2006); and

(2) file trial briefs, proposed voir dire questions, and proposed jury instructions by June 20, 2006.

Plaintiff timely served its pretrial disclosures on June 12, 2006, and timely filed its trial brief, voir dire questions, and proposed jury instructions on June 20, 2006. Defendant failed to meet the June 12 deadline and has yet make any of the Rule 26(a)(3) pretrial disclosures. Defendant has filed only proposed voir dire questions, which, as Plaintiff points out, are "peculiarly similar" to the questions it had previously filed.

Plaintiff filed a motion in limine, motion to strike, motion for sanctions, and renewed motion for attorney's fees (docket no. 63) on June 23, 2006. On June 26, 2006, Defendant filed a motion to postpone trial (docket no. 65) and Plaintiff has responded in opposition. The court conducted a telephone conference with counsel on June 28, 2006, to discuss the issues and these matters are now ready for a ruling.

## **Discussion**

First, Defendant's motion to postpone trial is **GRANTED**. Trial courts have broad discretion in deciding whether to grant or deny a motion to continue/postpone trial. *See Prekler v. Owens-Corning Fiberglas Corp.*, No. 94-1550, 1995 WL 417731, at *2 (4th Cir. July 6, 1995). Defense counsel has submitted information concerning a serious health condition that warrants a brief postponement of trial. He has suffered from a degenerative disorder of the spine for over twenty-five years and

recently (on June 17, 2006) suffered another back injury. The pain defense counsel is currently experiencing coupled with the medications he is taking render him unable to adequately prepare for or conduct trial on July 10, 2006.

Second, Plaintiff's motion for sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1) is **GRANTED** with respect to expenses and attorney's fees. It is noted that Defendant's failure to make its June 12, 2006, pretrial disclosures is unrelated to the back injury defense counsel suffered on June 17, 2006. Plaintiff's motion in limine, however, is **DENIED**. Defendant will not be precluded from presenting evidence at trial. Under Rule 37(c)(1), a "party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, *unless such failure is harmless,* permitted to use as evidence at a trial . . . any witness or information not so disclosed." FED. R. CIV. P. 37(c)(1) (emphasis added); *see also Rowland v. American Gen. Fin., Inc.*, 340 F.3d 187, 196 (4th Cir. 2003). Given the necessity for a new trial date, Defendant's failure to make pretrial disclosures is deemed harmless. The postponed trial along with defense counsel's health condition and resulting lack of productivity mitigate any advantage Defendant gains by its extended possession of Plaintiff's timely disclosures and filings.

Third, Plaintiff's motion to strike any subsequently filed proposed jury instructions is **DENIED**. Defendant will again be given an opportunity to make the

3

required pretrial disclosures and filings. Repeated failure to comply, however, will result in harsh sanctions.

Finally, Plaintiff's renewed motion for expenses and attorney's fees relating to its February 16, 2005, motion to compel is **GRANTED**. This court deferred ruling on Plaintiff's initial request until at least the close of discovery. In light of Defendant's repeated dilatory actions/failure to meet deadlines, the court is convinced as to the propriety of awarding the requested expenses and fees.

## Conclusion

**IT IS THEREFORE ORDERED** that:

1) Trial is postponed until Monday, September 11, 2006. Defense counsel must bring a colleague up-to-speed on this case in the event that his health does not improve to the level necessary to adequately prepare for and conduct trial on this date. Further requests for delays will not be looked upon favorably by the court.

2) Defendant serve all Rule 26(a)(3) pretrial disclosures on Plaintiff by Friday, July 21, 2006. Failure to comply will result in both an inability "to use as evidence at trial . . . any witness or information not so disclosed" and "other appropriate sanctions." FED. R. CIV. P. 37(c)(1).

3) Defendant file a trial brief and proposed jury instructions by Friday, July 21, 2006.

4) Plaintiff submit an application for fees and expenses related to Defendant's non-compliance with the pretrial disclosure requirements by Friday, July 21, 2006. Defendant's response is due by Friday, August 4, 2006. No reply is permitted.

5) Plaintiff submit an application for fees and expenses (separate and apart from the above mentioned application related to the pretrial disclosures) related to its February 16, 2005, motion to compel by Friday, July 21, 2006. Defendant's response is due by Friday, August 4, 2006. No reply is permitted.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

July 5, 2006

5